IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              CASE NO. 5:17-CR-50014

ANGELA RENEE BURKE                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Angela Renee Burke's Objections (Doc. 55) to Chief Magistrate Judge Erin Wiedemann's Report and Recommendation ("R&R") (Doc. 53) on Ms. Burke's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 47). The Court has reviewed all these materials, along with the Government's Response (Doc. 49) in opposition to Ms. Burke's Motion to Vacate, as well as Ms. Burke's Reply (Doc. 52) in support. For the reasons given below, the R&R is **ADOPTED**, and Ms. Burke's Motion is **DENIED**.

## I. BACKGROUND

Ms. Burke and her codefendant Ricardo Gonzalez were charged on March 1, 2017 in a one-count Indictment with conspiring to distribute methamphetamine. *See* Doc. 1. On April 27 of that same year, Ms. Burke entered a guilty plea to the Indictment. *See* Doc. 15. Her codefendant's guilty plea was entered two and a half months later. *See* Doc. 23. Ms. Burke was sentenced on August 18, 2017 to 110 months imprisonment, followed by 4 years of supervised release, along with a $100.00 special assessment and a $2,400.00 fine. *See* Doc. 31. Mr. Gonzalez was sentenced almost two months later to

1

30 months imprisonment, followed by 3 years of supervised release, and a $100.00 special assessment.  *See* Doc. 42.  Neither defendant filed an appeal.

Ms. Burke filed her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 9, 2018.  *See* Doc. 47.  In that Motion, Ms. Burke argues that she received ineffective assistance of counsel at her sentencing, and she identifies three separate grounds for relief.  All three grounds concern whether her advisory sentencing range was properly calculated under the United States Sentencing Guidelines.  As noted above, Ms. Burke's Motion has been fully briefed.  The Magistrate Judge has issued an R&R recommending that the Motion be denied, and Ms. Burke has filed objections to the R&R.  The R&R and Motion are now ripe for decision.

## II.  LEGAL STANDARD

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "If the court finds . . . that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* at § 2255(b).

The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This has been interpreted by the United States Supreme Court as being a right not just to the assistance of counsel, but to *effective*

assistance.  *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  This right applies at various "critical" stages of criminal proceedings, including sentencing.  *See Gardner v. Florida*, 430 U.S. 349, 358 (1977).  A person seeking post-conviction relief on the grounds of unconstitutionally ineffective assistance of counsel must show that her counsel's performance was "deficient," and also "that the deficient performance prejudiced the defense."  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### III.  DISCUSSION

As previously mentioned, Ms. Burke challenges three different aspects of how her advisory sentencing range was calculated.  The first is that she contends her lawyer provided ineffective assistance when he failed to object to the number of criminal history points she was assessed in her presentence investigation report ("PSR").  This argument lacks merit because such an objection would have been futile even if it were successful, owing to Ms. Burke's status as a career offender under the United States Sentencing Guidelines.  The Guidelines require *all* career offenders to be placed in criminal history category VI, regardless of how many criminal history points they have.  *See* U.S.S.G. § 4B1.1(b).

Her second and third grounds fail for similar reasons.  For her second ground, Ms. Burke contends that her lawyer provided ineffective assistance when he failed to ask the Court to award her a reduction in her offense level under U.S.S.G. § 3B1.2 for having a minor role in the offense of conviction.  But "[w]hen a defendant is sentenced as a career offender, adjustments for role in the offense under Chapter Three, Part B do not apply." *See United States v. Hubbell*, 667 Fed. App'x 887, 888 (8th Cir. 2016).  So given Ms.

Burke's career offender status, it would have been a purely "academic" exercise for her attorney to seek a minor role reduction. *See id.*

Finally, for her third ground, Ms. Burke contends her Guidelines offense level should have been based on the quantity of the "mixture" containing methamphetamine she was accountable for, rather than on the quantity of "actual" methamphetamine she was accountable for. Doing the former would have yielded a base offense level of 26, *see id.* at § 2D1.1(c)(7), while the latter resulted in a base offense level of 32, *see id.* at § 2D1.1(c)(4). But again, doing so would have made no ultimate difference, because *all* career offenders subject to the penalties of 21 U.S.C. § 841(b)(1)(C) —as Ms. Burke was, *see* Doc. 1; Doc. 15, ¶ 1—must receive a base offense level of 32, regardless of what it otherwise would have been. *See* U.S.S.G. § 4B1.1(b)(3).

In her objections to the R&R, Ms. Burke argues she should not have been classified as a career offender. This argument is meritless. The unobjected-to facts in the PSR are that Ms. Burke was over the age of eighteen when she committed the instant felony of conspiring to distribute methamphetamine, *see* Doc. 27, ¶ 68; Doc. 1; Doc. 15, ¶ 1, and that she had at least two prior felony convictions for delivery of methamphetamine, *see* Doc. 27, ¶¶ 44, 51. This plainly meets all the elements of career-offender status under the Guidelines. *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and (3) the defendant has at least two prior felony convictions of . . . a controlled substance offense.").

4

The R&R also discusses a variety of alternative reasons why Ms. Burke's Motion fails. The Court does not disagree with any of those arguments in the R&R, but it sees no need to discuss them here because the foregoing analysis regarding Ms. Burke's career offender status is sufficient to resolve the matter. An attorney does not render ineffective assistance of counsel by declining to advance futile or pointless arguments on his client's behalf. *See Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014). Ms. Burke has not shown that she suffered any prejudice from her attorney's decisions on these matters, as she has not shown that there is any "reasonable probability that . . . the result of the proceeding would have been different" if her attorney had advanced the arguments she now contends he should have. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Strickland*, 466 U.S. at 694).

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 53) is **ADOPTED**, and Defendant Angela Renee Burke's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that a future motion for a certificate of appealability shall be **DENIED**, because Ms. Burke has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** on this 22nd day of March, 2019.

　　　　　　　　　　　　　　　　　　 */s/ Timothy L. Brooks*　　　　　　　
　　　　　　　　　　　　　　　　　　TIMOTHY L. BROOKS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5